OPINION
{¶ 1} Raymond Hooks appeals from his conviction in the Montgomery County Court of Common Pleas for possession of heroin and possession of cocaine. On appeal, Hooks' *Page 2 
attorney filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, wherein counsel represented that, after thorough examination of the record, he was unable to discover any errors by the trial court which were prejudicial to Hooks. For the following reasons, we affirm Hooks' conviction.
 {¶ 2} The state's evidence, elicited at a suppression hearing and uncontroverted, established the following facts.
 {¶ 3} Around dusk on July 7, 2006, Dayton Police Officer Jimmy Howard and his partner observed a car in the 1300 block of West First Street that was parked far from the curb with the engine running and two occupants sitting in the front seats. According to Howard, the car had a "loud, defective muffler." The officers pulled behind the car, activated the cruiser's lights, and approached the occupants. Officer Howard approached Hooks, who was in the driver's seat, and his partner approached the passenger, a man whose last name was Ramey. After checking their identifications, the officers determined that Ramey had an outstanding warrant for his arrest and that Hooks had multiple Field Interview Cards on file at the police department, which indicated previous encounters with the police in which he had been suspected of drug activity. The officers decided to cite Hooks for a loud muffler and a seat belt violation, to arrest Ramey on the outstanding warrant, and to call a canine unit to sniff the car. Howard testified that the canine unit was called within five to ten minutes of when the officers approached the car, and that the unit arrived within five minutes after that. He also stated that his partner was still in the process of writing Howard's tickets when the canine unit arrived.
 {¶ 4} When it sniffed the car, the dog "alerted" at the driver's door. The officers then searched the vehicle and found heroin, crack cocaine, and a loaded gun under the front *Page 3 
passenger seat. Both men were arrested for possession and carrying a concealed weapon. When he was searched at the police station, officers also found crack cocaine and heroin on Hooks' person.
 {¶ 5} Hooks was interviewed at the police station by Detective Rebecca Rose and another detective. Rose testified that she informed Hooks of his rights before the interview began, that he seemed to understand those rights, and that he signed the waiver form. Hooks told Rose that he had called his father "when he was in the rear of the cruiser * * * and his dad told him not to talk to anyone until he got a lawyer." When Rose asked if Hooks had a lawyer, he stated that his dad had a family lawyer. According to Rose, Hooks did not unequivocally state that he wanted a lawyer or indicate an unwillingness to talk. In fact, when Rose indicated that she was looking to charge him for possession of the items in the car as well as on his person, Hooks indicated that he did want to talk. He stated that that he would take responsibility for the drugs found on his person, but he denied that the drugs in the car had been his drugs.
 {¶ 6} Hooks was indicted for possession of heroin in an amount greater than ten grams but less than fifty grams and with possession of crack cocaine in an amount in excess of one gram but less than five grams. He pled not guilty and filed a motion to suppress, which was overruled. Hooks subsequently changed his plea to no contest, and he was convicted on both counts. The trial court sentenced him to two years for possession of heroin and six months for possession of crack cocaine, to be served concurrently. His driver's license was also suspended.
 {¶ 7} Hooks filed a notice of appeal. His attorney filed anAnders brief on Hooks' behalf wherein counsel represented that, after reviewing the record, he could find no arguably *Page 4 
meritorious issues to raise on appeal. On July 3, 2007, we informed Hooks that his attorney had filed an Anders brief and of the significance of an Anders brief, and we invited Hooks to file pro se assignments of error within sixty days. We have not received any response from Hooks.
 {¶ 8} We have thoroughly examined the record of this case, pursuant toAnders, and we agree with Hooks' attorney that there are no arguably meritorious issues for appeal. Accordingly, the judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1